**11**

Brian S. Haddix (SBN: 230332)
Haddix Law Firm
1224 I Street
Modesto, CA 95354-0912
Tel: (209) 338-1131
bhaddix@modestobankruptcylaw.com

Attorney for Plaintiffs/Debtor(s) Charles Myers & Angela Myers

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – MODESTO DIVISION

| | |
|---|---|
| In re | Chapter 13 Case No.: 11-91354 |
| Charles Myers & Angela Myers, | AP Case No.: |
| Debtor(s). | |
| Charles Myers & Angela Myers, | **ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT REMOVING THE LIEN FROM PROPERTY LOCATED AT 5417 RESSO TERRACE, SALIDA, CA; DAMAGES; FEES & COSTS** |
| Plaintiffs. | |
| vs. | |
| PNC Bank, National Association, ARETE Portfolio Management, LLC, a Delaware Corporation, DREAMBUILDER Investments, LLC, a New York Corporation, and Does 1 through 50, | |
| Defendants | |

CHARLES MYERS AND ANGELA MYERS (collectively, "Plaintiffs" or "Debtors")

complains of PNC Bank, National Association, ARETE Portfolio Management, LLC, a

Delaware Corporation, DREAMBUILDER Investments, LLC, a New York Corporation, and Does 1 through 50, as follows:

## INTRODUCTION

1.      This is an action for declaratory relief, violation of discharge orders, and attorney's fees filed by the Debtors pursuant to Sections 105, 501, 502, 503, 506, and 1328 of the Bankruptcy Code, and Section 2941 of the California Civil Code.

2.      Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 off the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

## JURISDICTION, VENUE, AND PARTIES

3.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code Section 157(b)(2) of Title 28 of the United States Code.

4.      This Court has supplemental jurisdiction to hear all State law claims pursuant to Section 1367 of Title 28 of the United States Code.

5.      This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, then and in that event the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

6.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1409(a).

7.      The underlying Bankruptcy case commenced on April 18, 2011 by the filing of the Debtors of a voluntary petition under Chapter 13 of the Bankruptcy Code.

8.      The Plaintiffs in this case were the Debtors under Chapter 13 of Title 11 of the United States Code in case number 11-91534, which case is presently discharged and closed. The Plaintiffs are hereinafter referred as the Plaintiffs or the Debtors.

9.      The 341(a) meeting of creditors was held in Modesto, California on June 11, 2011.

10.     The Chapter 13 plan of the Plaintiffs was subsequently confirmed at a hearing held July 5, 2011. The Order Confirming Plan was entered on July 15, 2011. Attached as **Exhibit A** is a true and correct copy of the Chapter 13 Plan. Attached as **Exhibit B** is a true and correct copy of the Order Confirming Plan.

11.     Plaintiffs are informed and believe and thereon allege, that PNC Bank, NA ("PNC") is an FDIC-insured bank and was successor in the interest to the holder of Plaintiffs' 2nd Deed of Trust's previous holder, National City Bank. Plaintiffs are informed and believe and thereon allege, that sometime in 2009, PNC sold all rights to the Myers' loan to Defendant DREAMBUILDER INVESTMENTS, LLC (hereinafter "DREAMBUILDER"), which, by written agreement between the parties, was responsible for recording an assignment of the Myers Deed of Trust, which it did not do.

12.     Plaintiffs are further informed and believe that DREAMBUILDER assigned some or all its rights and/or servicing rights on the Myers Loan to Defendant ARETE PORTFOLIO MANAGEMENT (hereinafter "ARETE").

## FACTS COMMON TO ALL COUNTS

13.     On or about June 22, 2007, Debtors obtained a loan in the principal amount of $78,300 (hereinafter "Loan") from National City Bank, evidenced by a promissory note signed by Debtors (hereinafter "Note"). The Note was secured by a deed of trust (hereinafter "Deed of Trust") on Debtors' home located at 5417 Resso Terrace, Salida, California (hereinafter "Property") which is legally described as follows:

Lot 19, as shown on the Map entitled, "Vella Estates Unit No. 6", filed for record April 22, 1999, in Book 38 of Maps, Page 48

APN: 135-001-050

ARB: None

14.     The Deed of Trust was recorded in the office of the Stanislaus County Recorder on June 22, 2007 as document number 2007-0082889. Attached as **Exhibit C** is a true and correct copy of the Deed of Trust.

15.     Plaintiffs are informed and believe that in 2008 or 2009, PNC acquired National City Bank (FDIC Cert. No. 6557). On or about November 6, 2009, National City Bank became INACTIVE. The FDIC "BankFind" bank information lists National City Bank as *"Merged and became part of PNC Bank, National Association (6384)."*[1]

16.     Plaintiffs are informed and believe that sometime in 2009 or 2010, PNC may have sold its interest in the Myers Loan to DOE Defendant. Plaintiffs aver that they did not receive notification of this transfer, nor was any recording of the assignment performed.

17.     Plaintiffs are informed and believe that sometime thereafter, DOE Defendant sold its interest in the Myers Loan either to another DOE Defendant or to Defendant DREAMBUILDER. Plaintiffs aver that they did not receive notification of this transfer, nor was any recording of the assignment performed.

18.     Debtors' confirmed Chapter 13 Plan treated the claim of PNC/DREAMBUILDER as an unsecured claim in the bankruptcy case (Docket No. 5) dated April 18, 2011 for which judicial notice is requested pursuant to FRE 201.

19.     In conjunction with the confirmation of the Debtors' Chapter 13 Plan, Debtors filed and served a motion to value the Property pursuant to *In re Lam*, 211 B.R. 36 (9th Cir. BAP 1997) (the "Motion to Value"). The Motion to Value requested that the Court value the Property at $187,000. Plaintiffs served the Motion to Value PNC and DREAMBUILDER.

20.     The Motion to Value was granted by order of the bankruptcy court and dated July 15, 2011 (Docket No. 17). In the order granting the Motion to Value, the Court determined that the Value of the equity on the Property available to satisfy the claim of PNC/DREAMBUILDER was $0, and the claim of PNC/DREAMBUILDER was deemed unsecured. Attached as **Exhibit D** is a true and correct copy of the order granting the Motion to Value.

---

[1]FDIC "BankFind" website accessed on October 14, 2021 at the following url:
*https://research.fdic.gov/bankfind/detail.html?bank=6557&name=National%20City%20Bank&searchNam e=NATIONAL%20CITY%20BANK&searchFdic=&city=&state=&zip=&address=&searchWithin=&activeFla g=&searchByTradename=false&tabId=2*

21.     Debtors made all payments required by their confirmed Chapter 13 Plan.

22.     Debtors were granted a Chapter 13 discharge on September 12, 2016. Attached as **Exhibit E** is a true and correct copy of the Debtors' discharge order (hereinafter "Discharge Order").

23.     Based on the completion of the Debtors' Chapter 13 Plan, and the discharge granted to the Debtors, the Note and Deed of Trust were satisfied.

24.     On February 19, 2018, Debtors' counsel sent a first demand letter notifying PNC and DREAMBUILDER of the satisfaction of the mortgage and demanding release of the Deed of Trust. No response was received. Attached as **Exhibit F** is a true and correct copy of the 1st Demand Letter.

25.     On or about May 23, 2018, Plaintiffs received written Notice of Transfer of Servicing Rights in the mail. The Notice provided ARETE was the new servicer. The contact address listed in the Notice for ARETE is the same address as the address for process listed on the New York Secretary of State for DREAMBUILDER. Attached as **Exhibit G** is a true and correct copy of the Notice.

26.     On June 23, 2018, Debtors' counsel sent a second demand letter notifying PNC, DREAMBUILDER, and ARETE of the satisfaction of the mortgage and demanding release of the Deed of Trust. No response was received. Attached as **Exhibit H** is a true and correct copy of the demand letter.

27.     On or about October 28, 2020, Plaintiffs received a response to an e-mail Plaintiffs sent on October 21, 2020 requesting information about their loan. The response included a PDF attachment titled "Payoff Statement" on DREAMBUILDER letterhead. Plaintiffs are therefore informed and believe that DREAMBUILDER and/or ARETE is/are currently the holder(s) of the Myers' Deed of Trust referenced above and are responsible for servicing the foregoing account. Attached as **Exhibit I** is a true and correct copy of the demand letter.

28.     On February 19, 2020, Debtor's counsel sent a first 'qualified written request' to ARETE. No response was received. Attached as **Exhibit J** is a true and correct copy of the demand letter.

29.     On October 28, 2020, Debtors' counsel sent a third demand letter notifying DREAMBUILDER of the satisfaction of the mortgage and demanding release of the Deed of Trust. No response was received. Attached as **Exhibit K** is a true and correct copy of the demand letter.

30.     On October 28, 2020, Debtors' counsel sent a first 'qualified written request' to ARETE. No response was received. Attached as **Exhibit L** is a true and correct copy of the demand letter.

31.     On November 16, 2020, Debtors' counsel sent a fourth demand letter notifying DREAMBUILDER of the satisfaction of the mortgage and demanding release of the Deed of Trust. No response was received. Attached as **Exhibit M** is a true and correct copy of the demand letter.

32.     Debtors (Plaintiffs) have received no response to the demand letters, apart from the e-mail transmittal dated October 28, 2020 informing Plaintiffs of the payoff amount.

33.     It has been more than 30 days since the discharge of the Debtors.

34.     Defendants have not executed or recorded a certificate of discharge of the Deed of Trust.

35.     Defendants have not delivered the original note, deed of trust, request for a full reconveyance, and/or other documents as may be necessary to reconvey the Deed of Trust to the Trustee.

**FIRST CLAIM FOR RELIEF**

(Violation of California Civil Code §2941)

36.     Plaintiffs refer to the paragraphs 1 through 35 above and incorporate the same herein by reference as set forth in full.

37.     Defendant(s) were obligated to execute and record a certificate of discharge of the Deed of Trust within 30 days of the Discharge Order.

38.     Defendants failed to execute and/or record the required certificate of discharge.

39.     Defendants were obligated to deliver the original note, deed of trust, request for a full reconveyance, and other documents as may be necessary to reconvey the deed of trust to the trustee.

40.     Defendants failed to deliver the required documents.

### SECOND CLAIM FOR RELIEF

(Violation of Helping Families Save Their Homes Act 15 U.S.C. 1641(g))

41.     Plaintiffs reallege the allegations set forth in the First Claim for Relief, paragraphs 1 through 40, as if set forth in full.

42.     Pursuant to the requirements set forth under the statute designated as Helping Families Save Their Homes, an assignee of mortgage obligation is required to perform the following acts:

not later than 30 days on the date which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer including-

(A) the identity, address and telephone number of that new creditor,

(B) the date of transfer,

(C) how to reach an agent or party having authority to act on behalf of the new creditor,

(D) the location of the place where transfer of ownership is recorded, and

(E) any other relevant information regarding the new creditor.

15 U.S.C. Section 1641(g)

43.     An Assignee that violates the notice requirements can be subjected to civil penalties under section 130 TILA ("Truth In Lending Act"). Specifically, under 15 U.S.C. Section 1640(a), effective July 31, 2009, the maximum penalty a consumer can recover

for a TILA violation regarding a close-end loan secured by real property or a dwelling is $4,000.

44.    Plaintiffs contend no duly recorded assignment of their loan took place between National City Bank and Defendant PNC or between Defendant PNC and Defendant DOES 1-50 or between Defendant DOES 1-50 and Defendant DREAMBUILDER as required by the agreement between the parties referenced in Paragraph 11 set forth above.

45.    Plaintiffs aver that they did not receive notification of the transfer of their loan from Pacific National Bank, Defendant PNC, Defendant DOES 1-50, or Defendant DREAMBUILDER as required by statute set forth in Paragraph 38 above.

46.    Plaintiffs contend they are entitled to statutory damages from Defendant PNC, Defendant DOES 1-50, and Defendant DREAMBUILDER for violations of the provisions set of the statute referenced in Paragraph 38 above in title sum of $4,000 or such other sum determined by the Court to be fair and equitable under the circumstances.

## THIRD CLAIM FOR RELIEF

### (Declaratory Relief)

(Determining 2nd deed of trust secured claim formerly held by either Defendants PNC, NATIONAL ASSOCIATION, DREAMBUILDER or ARETE against Myers and their subject property at 5417 Resso Terrace Terrace, Salida, California to be valued at zero and claim discharged in underlying Myers' Chapter 13 bankruptcy case and execution and recordation of certificate of discharge for satisfied deed of trust pursuant to Cal. Civ. Code§ 2941(a) by party Defendants)

47.    Plaintiffs reallege the allegations set forth in the First Claim for Relief, paragraphs 1 through 40, and the Second Claim for Relief, paragraphs 41 through 46, as if set forth in full.

48.    Defendant DREAMBUILDER has not recorded an assignment of the Myers' Deed of Trust which was subsequently held by DREAMBUILDER as referenced in Paragraph 11 above.

49.    Plaintiffs are further informed and believe that Defendant DREAMBUILDER has not notified Plaintiffs of their ownership and transference of the

8

subject Myers Deed of Trust to them as referenced in Paragraphs 11 set forth above. As a result of the foregoing, Plaintiffs proceeded to file their initial and amended motion/application to value collateral of PNC/DREAMBUILDER in their Chapter 13 proceedings, thereafter, securing a Civil Minute Order from the Bankruptcy Court determining the secured claim of PNC/DREAMBUILDER, whose claim was secured by a junior deed of trust against the Debtors' residence to be set at $0.

50.    To the extent the Court deems proper notice of the proceedings did not transpire in favor of Defendant DREAMBUILDER, Plaintiffs request this Court reconfirm the validity of its underlying ruling referenced herein as against Defendant DREAMBUILDER, finding at time of hearing on October 4, 2011, the following:

Nature of Property

Market Value of Myers Property
at 5417 Resso Terrace, Salida, CA

Value:                                        $187,000

1st Deed of Trust Encumbrance
(Green Tree Servicing, LLC)            ($355,810.40)

Residual Equity                            ($168,810.40)

51.    Based upon Defendants DREAMBUILDER and/or ARETE's failure to record an assignment of the Myers Deed of Trust, nor notify Plaintiffs of the ownership of the subject loan as required law, as well as actual notice of the motion to value sent to Defendant DREAMBUILDER, Defendants DREAMBUILDER and ARETE should be estopped from denying the resulting previous secured claim held by them to be totally unsecured in the Myers' Chapter 13 proceedings and thereafter discharged by operation of law or statute.

52.    There presently exists a dispute between plaintiffs, Defendants DREAMBUILDER & ARETE, concerning the validity, enforcement and claim status of the underlying obligation previously held initially by National City Bank as lender, thereafter acquired by PNC Bank and thereafter transferred to either Defendant DREAMBUILDER and/or ARETE: to wit, the second deed of trust against the Myers real

property at 5417 Resso Terrace, Salida, California, which was recorded on June 22,
2007 in Stanislaus County as Document No. 2007-0082889.

53.     Plaintiffs contend by virtue of their underlying Chapter 13 proceedings,
motion to determine secured status filed and their bankruptcy discharge, the underlying
claim is zero, null and void and unenforceable against their real property at 5417 Resso
Terrace, Salida, California, requiring a reconveyance of the underlying deed of trust.
Defendants deny this or have otherwise failed to respond to Plaintiffs requests for
reconveyance. As such, it is necessary for this Court to determine the rights and
responsibilities of the parties concerning these issues pursuant to Fed. R. Civ. Pro. 57,
as made applicable through FRBP 7001, subsection 9.

WHEREFORE, Plaintiffs respectfully pray for relief as hereinafter set forth as
follows:

**PRAYER FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

(A)     That the Court issue a judgment determining Violation of California Civil
Code § 2941 as against Defendants in favor of Plaintiffs,

(B)     That the Plaintiffs have and recover against the Defendants a sum to be
determined by the Court in the form of actual reasonable damages,

(C)     That the Plaintiffs have and recover against the Defendants a sum by the
Court for reasonable attorney's fees and costs incurred,

(D)     That the Plaintiffs have such other and further relief as the Court may
deem just and proper and according to proof.

**SECOND CLAIM FOR RELIEF**

(A)     That the Court issue a judgment determining Violation of 15 U.S.C. §
1641(g),

(B)     That the Plaintiffs have and recover against the Defendants a sum to be
determined by the Court in the form of actual reasonable damages,

(C)     That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of statutory civil penalties to be reasonable and just,

(D)     That the Plaintiffs have and recover against the Defendants a sum by the Court for reasonable attorney's fees and costs incurred.

### THIRD CLAIM FOR RELIEF

(A)     That the Court issue a judgment that the Note and Deed of Trust has been satisfied, and the Deed of Trust is avoided,

(B)     That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of actual damages,

(C)     That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of statutory damages,

(D)     That the Plaintiffs have and recover against the Defendants all reasonable legal fees and expenses incurred by their attorney,

(E)     That the Plaintiffs have such other and further relief as the Court may deem just and proper and according to proof.

That the Court allow the issuance of an alias summons in this case.

HADDIX LAW FIRM

Dated: October 18, 2021

Brian S. Haddix
Attorney for Debtor(s) Charles & Angela Myers